UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Stanley R. Chesler |
| | : |
| v. | : Crim. No. 11-208(SRC) |
| | : |
| SIXING LIU, | : STIPULATED PROTECTIVE ORDER |
|     a/k/a "Steve Liu" | : FOR TRIAL |

This matter having come before the Court upon the joint application of the parties, namely the government (Paul J. Fishman, United States Attorney, counsel for the United States, L. Judson Welle and Gurbir S. Grewal, Assistant U.S. Attorneys, appearing), and the defendant, SIXING LIU, also known as "Steve Liu" (James D. Tunick, Esq., counsel), for a protective order to govern the evidence and exhibits anticipated at trial; and the parties having represented to the Court that both the Government and the defendant expect to use certain materials at trial that may constitute "technical data," as that term is defined in Title 22, Code of Federal Regulations, Section 120.10, "trade secrets," as that term is defined in Title 18, United States Code, Section 1839(3), as well as confidential and proprietary business information; and the parties having previously entered into a Stipulated Protective Order on May 31, 2011 for purposes of the discovery in this case (the "Pretrial Protective Order"), and having contemplated that a separate protective order for trial would be necessary in the event of trial; and it appearing to the

1

Court that all parties, through their respective counsel, have agreed to the form and entry of this Order; and for good cause shown:

IT IS, on this _____ day of _____, 2012, pursuant to Title 18, United States Code, Section 1835, and hereby ORDERED that the following provisions shall govern the handling of evidence at trial and during the remainder of this proceeding:

1.   The Pretrial Protective Order shall continue to apply to the access and use of "Confidential Materials" in this case, as defined in that Order.  The procedures set forth in the instant Trial Protective Order for the handling and use of certain evidence and items during the course of the trial of this matter are necessary "to preserve the confidentiality of trade secrets," as required under Title 18, United States Code, Section 1835 and to prevent the unauthorized dissemination of export-controlled technical data during the trial.

<u>Scope:  Trial Protected Material</u>

2.   This Protective Order For Trial shall apply to the following items, hereinafter referred to as "Trial Protective Material":

    a.   Items containing information that is intended to be kept secret and confidential or is a trade secret within the meaning of Title 18, United States Code, Section 1839(3).

b.   Items containing information that may be subject to
     export controls under the Arms Export Control Act, 22
     U.S.C. § 2778, and the International Trafficking in
     Arms Regulations, 22 C.F.R. § 120, et seq.

## Pretrial Identification of Trial Protected Material

3.   No later than fourteen days (14) before trial, counsel

for the Government and the defendant shall identify any trial

exhibits or evidence that may constitute Trial Protected

Material.

a.   The list of identified Trial Protected Material
     exhibits will be provided to the Court, courtroom
     deputy clerk, and counsel.

b.   Before trial, the parties shall meet and confer to
     discuss other appropriate measures to preserve the
     confidentiality and prevent unwarranted disclosure of
     Trial Protected Material.

c.   The Court will review the Trial Protected Material to
     resolve any issues that the parties are unable to
     resolve.

d.   A copy of this Trial Protective Order shall be
     maintained with the Trial Protected Materials while
     used for and during trial.

e.   All persons given access to the Trial Protected
     Materials shall keep such information secure in
     accordance with the purposes and intent of this Order.

4.   The designation or treatment of any material as Trial

Protected Material does not constitute a concession by a party or

an acknowledgment or determination by the Court that the material

constitutes export-controlled technical data, trade secrets, or

confidential and proprietary business information.  The

3

designation merely serves to "to preserve the confidentiality of trade secrets," as required under Title 18, United States Code, Section 1835, and to avoid the disclosure of export-controlled technical data to foreign persons and entities.

<u>Duty To Notify Concerning Presentation of Trade Secret Evidence</u>

5.    Counsel for the Government and defense have a duty to notify the Court prior to the introduction of any Trial Protected Material as evidence at trial, including but not limited to any testimony or exhibits.  The notification duty will allow the Court and parties to ensure appropriate measures are in place to protect the confidentiality of trade secrets during the presentation of this evidence at trial.

<u>Presentation of Trial Protected Material Evidence</u>

6.    When the jury is presented with exhibits containing Trial Protected Material, only the jury, counsel, trial paralegals and IT staff, the defendant, the Court, and the courtroom deputy clerk ("Authorized Persons") will be permitted to view the exhibits.  Exhibits or demonstratives containing Trial Protected Material shall not be displayed to anyone other than Authorized Persons.  The party presenting the evidence shall maintain custody of the exhibits during the trial.

7.    This limited viewing is essential to preserve the compelling interest of preserving the confidentiality of the

Trial Protected Material in this case.  Specifically, this limited restriction is narrowly tailored to protect the confidentiality of the Trial Protected Material and to allow the fact-finders to consider relevant evidence.  Without the minimal restriction, there is a substantial probability that, in the absence of closure, this compelling interest would be harmed. This approach represents the most effective and narrowest means to accomplish these objectives.  No other alternatives are as effective in protecting the confidentiality of the Trial Protected Material in this case.  Congress explicitly recognized the importance of "preserv[ing] the confidentiality of trade secrets," by directing the Court to consider and adopt appropriate measures.  See Title 18, United States Code, Section 1835.  Such protocols are also necessary and appropriate to avoid the disclosure to foreign persons and entities of export-controlled technical data within the meaning of the Arms Export Control Act, Title 18 U.S.C. § 2778, and 22 C.F.R. § 120, et. seq.

8.   The parties may redact trial exhibits which contain Trial Protected Material.  In order to preserve the record, any unredacted versions shall be filed under seal.

<u>Recesses</u>

9.   Trial Protected Material shall not be left unattended

in the unlocked courtroom during short recesses.  During lengthier recesses, including the lunch recess and overnight recesses, the courtroom shall be locked, or the parties shall retain custody over the Trial Protected Materials in accordance with the requirements of the Pretrial Protective Order.

<u>Sealing</u>

10.  Any exhibits containing Trial Protected Material shall be maintained under seal by the Clerk of the Court, unless otherwise ordered by the Court.

<u>Instructions</u>

11.  The parties may instruct witnesses not to disclose Trial Protected Material during the course of their testimony until and unless authorized by the Court.

12.  During the trial, and at the conclusion of the case, the jury will be instructed that they are not to disclose or otherwise use Trial Protected Material which was presented during the trial.  During the trial, the jury will be instructed that they are not to disclose or otherwise disseminate any evidence that is presented during the course of the trial.  All efforts should be made to give any applicable instructions during the trial in a fashion that will lead the jury to conclude that this is a standard operating practice during any trial.

<u>Acknowledgment</u>

13.   By this stipulation, undersigned counsel agree to be bound by the terms of this Trial Protective Order.

14.   Counsel shall have any other persons handling any Trial Protected Material read the Protective Order For Trial and sign the attached Acknowledgment, which shall be filed with the Court.

<u>Return of Trial Protected Materials Upon Conclusion of the Case</u>

15.   After final judgment of this action or an appeal from any judgment entered in this action is exhausted, and unless the parties agree otherwise, any person to whom Trial Protected Material has been disclosed pursuant to this Order shall, within ten (10) days of receipt of a written request from the Government or the defense:

    a.   assemble and make available for return all materials and documents produced or revealed containing Trial Protected Material, as well as any copies thereof; and keep confidential, in accordance with this Agreement, every portion of other materials, memoranda, or documents purporting to reproduce or paraphrase Trial Protected Material produced or revealed; or

    b.   destroy all materials and documents produced or revealed containing Trial Protected Material, including, but not limited to, every portion of other materials, memoranda, or documents purporting to reproduce or paraphrase Trial Protected Material; and keep such materials confidential, in accordance with this Agreement, and

    c.   disclose the identity of any person to whom disclosure of Trial Protected Material was made; and

    d.   certify in writing that the above-listed procedures have been followed and completed.

## Violations

16.  Violations of this Stipulated Protective Order For Trial shall be punishable by contempt of court or any other legally available sanction that the Court deems appropriate.  All parties to whom Trial Protected Material is disclosed in accordance with this Stipulated Protective Order For Trial consent to this Court's jurisdiction for purposes of enforcing this Order.

## Further Relief

17.  Nothing in this Stipulated Protective Order For Trial shall be construed as restricting either party from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or other applicable law.

I hereby acknowledge that I have reviewed and understand this Stipulated Protective Order For Trial, and agree to be bound by its terms:

SO STIPULATED:

_____
James D. Tunick, Esq.
Counsel for Defendant

Dated: August **27**, 2012

_____
L. Judson Welle
Assistant U.S. Attorney

_____
Gurbir S. Grewal
Assistant U.S. Attorney

Dated: August **28**, 2012

SO ORDERED:

_____
HON. STANLEY R. CHESLER
United States District Judge

Dated: _____, 2012

9

## APPENDIX A

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER FOR TRIAL

By signing this acknowledgment, I hereby acknowledge that I have received a copy of the Stipulated Protective Order For Trial issued in <u>United States v. Liu</u>, Crim. No. 11-208 (SRC), and that I have read it, understand it, and agree to its terms.  If English is not my primary language, the Stipulated Protective Order For Trial and this acknowledgment have been translated for me.  I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcing the terms of the Stipulated Protective Order For Trial and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____
Address

_____
Name of Translator
(if applicable)

_____
Translator's Signature